UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Earl Anderson,                                          Case No. 3:19-cv-2297

        Plaintiff

v.                                                  MEMORANDUM OPINION AND ORDER

John Hairabedian, et al.,

        Defendants

*Pro se* Plaintiff Earl Anderson is a state prisoner incarcerated at Toledo Correctional Institution ("TCI"). He brings this action pursuant to 42 U.S.C. § 1983 against eleven defendants, alleging that they were deliberately indifferent to his safety in violation of the Eighth Amendment to the United States Constitution. (Doc. 1). Also before me is Plaintiff's motion to amend the relief he seeks and I grant that motion (Doc. 4).

For the following reasons, I dismiss this action. Accordingly, I deny Plaintiff's motion for appointment of counsel as moot (Doc. 3).

### BACKGROUND

The events at issue in this case occurred at TCI. Plaintiff identifies each defendant as follows: (1) Lt. John Hairabedian – Count Supervisor, TCI; (2) Sgt. Michael Brandel – Corrections Counselor, TCI; (3) Correctional Officer LaDonna Shorter, TCI; (4) Lt. Supervisor Robert Copely; (5) Lt. Supervisor Benjamin Engle, Madison Correctional Institution; (6) Capt. Supervisor Ronald Pettaway, TCI; (7) Maj. Pete Kimball – Chief of Security, TCI; (8) Inst. Insp. Derek Burkhart, TCI; (9) Sonrisa Sehlmeyer – Warden's Admin. Asst., TCI; (10) Unit Sgt. Marshal Klavinger – Correctional Counselor, TCI; and (11) Capt. Supervisor Scott Mathias, TCI.

According to the Complaint, on August 22, 2013, Plaintiff was assaulted in his cell and beaten by three other inmates: Darnail Carlisle, Travonte Davis, and Christopher Smith. (Doc. 1 ¶ 1). The three were charged with assault, but the charges were reduced to fighting by defendant Copely and Plaintiff was also charged with fighting. (*Id.* ¶¶ 2, 3). Defendant Copely requested that a separation be ordered between Plaintiff and the three inmates, and defendant Warden Sheldon ordered the separation. (*Id.* ¶ 7).

### January 8, 2019

The events giving rise to this action began on January 8, 2019, on which date Plaintiff alleges that the separation order was "illegally broken" by defendants Brandel and Hairabedian, who placed Plaintiff on a "cell-move sheet" to be transferred to the same restrictive housing dorm as Smith, one of the three inmates involved in the incident in 2013 that led to the separation order. Plaintiff alleges that the restrictive housing dorm is divided into four different ranges, but during leisure time, inmates may walk about in all four ranges. (*Id.* ¶¶ 8, 9). Plaintiff alleges that defendants Brandel and Hairabedian knew that by placing Plaintiff and Smith in the same restrictive housing dorm they were placing Plaintiff at unreasonable risk of harm and violating Ohio's prison inmate separation policy. Plaintiff claims that by so doing, Brandel and Hairabedian were deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment. (*Id.* ¶¶ 10-12).

After Plaintiff was placed in the same restrictive housing dorm as Smith, dinner was distributed. Sometime later, defendant Shorter electronically opened certain cell doors in the bottom range of the restrictive housing dorm, one of which was Smith's cell door. Smith walked up the stairs to Plaintiff's to cell located on the upper range. Plaintiff alleges that at the same time, defendant Shorter "kept electronically unlocking" Plaintiff's cell door and Plaintiff exited his cell to protect himself from Smith. A fight occurred between Plaintiff and Smith, which was broken up by three prison officers, including defendant Engle. (*Id.* ¶¶ 14-18).

Plaintiff and Smith were taken to the infirmary where Plaintiff was treated for "a few scars on the back and facial area" and for mace spray. Defendant Copely asked Plaintiff how he got out of his cell and Plaintiff reminded Copely of the separation order and told him that the booth officer electronically opened Plaintiff's cell door, so he came out of his cell. After being treated for their injuries, Plaintiff and Smith were returned to their respective cells in the restrictive housing dorm by defendants Copely and Engle upon the instruction of defendant Pettaway. (*Id.* ¶¶ 19-21). Plaintiff alleges that by doing so, defendants Copely, Engle, and Pettaway were deliberately indifferent to his safety in violation of the Eighth Amendment. (*Id.* ¶ 22).

After the fight between Plaintiff and Smith on January 8, 2019, Plaintiff filed a complaint with defendant Kimball to "remedy the wrong" of Plaintiff being housed in the same restrictive housing dorm as Smith despite the separation order. Kimball responded that separations can be maintained within the restrictive housing unit as inmates are "only let out by quadrants and are not out together." Plaintiff alleges that defendant Kimball's "nonchalant" response to his grievance and failure to "remedy the wrong" demonstrates deliberate indifference to his safety in violation of the Eighth Amendment. That said, on January 12, 2019, Smith was moved to a different dorm from Plaintiff. (*Id.* ¶¶ 24-27).

Dissatisfied with defendant Kimball's response, Plaintiff filed a grievance with defendant Burkhart. Burkhart denied Plaintiff's grievance, responding that "in circumstances when it is not feasible to maintain an institution separation between inmates, such as in a level 4 institution, the inmates shall be separated in the same manner as a local separation." Plaintiff alleges that Burkhart improperly cited the "special circumstances clause" of Ohio's inmate separation policy because that policy does not pertain to restrictive housing dorms and lied, saying that Plaintiff "illegally popped out of his cell and initiated the fight with inmate Smith" even though Plaintiff was never charged with that offense. (*Id.* ¶¶ 28-33).

Plaintiff also filed a grievance regarding the booth officer "illegally" electronically opening the cell doors in the restrictive housing dorm on January 8, 2019. Plaintiff claims that Burkhart attempted to "cover up" the booth officer's "illegal actions" by stating that the booth officer "made a mistake in opening the cell doors." (*Id.* ¶¶ 38-39). Plaintiff then filed a grievance against defendant Burkhart for failing to investigate the incident on January 8, 2019. The ODRC denied Plaintiff's grievance against Burkhart for lack of personal involvement. But Plaintiff disagrees with the ODRC, stating that defendant Burkhart condoned a violation of the inmate separation policy because defendant Burkhart electronically monitors all complaints and grievances at TCI. (*Id.* ¶¶ 40-43). Plaintiff alleges that by failing to "remedy the wrong" of Plaintiff being housed in the same dorm as Smith, Burkhart was deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment. (*Id.* ¶ 45).

Plaintiff also filed a disciplinary appeal with defendant Sehlmeyer regarding the events of January 8, 2019, and requested copies of his conduct report from the 2013 incident that triggered the separation order. Sehlmeyer denied Plaintiff's disciplinary appeal and allegedly withheld certain witness statements from the 2013 incident. (*See id.* ¶¶ 46-51). Plaintiff alleges that the response he received from Sehlmeyer shows that she forged false documentation to "cover up a conspiracy" and "obstruct justice" regarding of the illegal act of placing two inmates subject to a separation order in the same dorm, making her an accessory after the fact with respect to the Eighth Amendment deliberate indifference violation alleged by Plaintiff against other defendants. (*Id.* ¶¶ 52-57).

**June 19, 2019**

An event on June 19, 2019 is also the subject of Plaintiff's Complaint. Plaintiff alleges that on this date he was sent to Limited Privilege Housing ("LPH") for misconduct. Plaintiff alleges that he was assigned to the same LPH unit as Smith. Plaintiff advised the officers conducting security rounds, Labuddy and Frederick, that he couldn't come out of his cell for leisure activities because Smith was housed in the same LPH. Officer Labuddy followed-up immediately and Plaintiff was

4

moved to another LPH unit. Plaintiff alleges that his brief stay in the same LPH unit as Smith demonstrates that "TCI supervisors" defendants Klavinger and Mathias failed to protect him and were deliberately indifferent to his safety in violation of the Eighth Amendment. (*Id.* ¶¶ 58-64).

Plaintiff filed a complaint but the deputy warden of operations, R. Walters, denied the complaint on the grounds that there was no way to verify that Plaintiff was placed on the same LPH range as Smith. Plaintiff then filed a grievance, but institutional inspector Michael Jenkins denied the grievance. Plaintiff appealed and the ODRC's chief inspector Kelly Riehle responded that "further investigation is warranted." Plaintiff claims that Jenkins then tried to mislead Riehle into believing that Plaintiff had his dates mixed up by fabricating and combining two separate incidents. Plaintiff again appealed, but this time Riehle affirmed Jenkins' denial of Plaintiff's grievance. (*Id.* ¶¶ 65-74).

**July 11, 2019**

On July 11, 2019, Plaintiff alleges that "TCI supervisors" again jeopardized his safety when he was moved to an LPH unit where Smith was also housed. Officer Holston told Plaintiff it was safe to be housed in the same LPH unit because Plaintiff and Smith were in separate ranges. Plaintiff disagreed based upon the events of January 8, 2019. Holston called defendant Mathias to determine if Plaintiff could be moved to another LPH unit but was told that if Plaintiff did not agree to be housed in that LPH unit, he would be written up for "refusal to lock" and sent to segregation. Plaintiff refused and was sent to segregation. (*Id.* ¶¶ 75-78). Plaintiff alleges that when deputy warden of operations Ryan Walters was conducting security rounds in segregation, he disagreed with defendant Mathias' solution and Plaintiff was moved to an LPH unit different from where Smith was housed, and the "refusal to lock" conduct report withdrawn. (*Id.* ¶¶ 79, 80).

Plaintiff filed complaints against defendants Hairabedian and Mathias. Plaintiff directed his complaint against defendant Hairabedian to Captain Gross, who denied the complaint. Plaintiff filed a grievance as to Hairabedian, which Jenkins denied and Riehle affirmed. (*Id.* ¶¶ 81-88).

Plaintiff directed his complaint against defendant Mathias to defendant Pettaway, who denied his complaint. Plaintiff filed a grievance as to Mathias which Jenkins denied and Riehle affirmed. (*Id.* ¶¶ 89-92). Plaintiff alleges that defendants Hairabedian and Mathias were deliberately indifferent to his safety with respect to separation order from Smith a total of four times in violation of the Eighth Amendment. (*Id.* ¶ 93).

### Relief

Based upon these facts, Plaintiff requests that I declare defendants' conduct unconstitutional and enjoin defendants' from acting in deliberate indifference to his safety. Plaintiff also seeks compensatory damages in the amount of $350,000.00, and punitive damages in the amount of $1.5 million dollars, from each defendant. (*Id.* ¶¶ 96-99).

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

### DISCUSSION

"In order to plead a federal cause of action under § 1983, a plaintiff must plead two elements: '(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.'" *Tate v. Comrie*, No. 5:16CV3090, 2018 WL 1409288, at *4 (N.D. Ohio Mar. 21, 2018) (emphasis removed) (quoting *Hunt v. Sycamore Cmty. Sch.*

*Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citations omitted)); *Waters v. City of Morristown, TN*, 242 F.3d 353, 358-59 (6th Cir. 2001) (same) (citation omitted).

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). And prison officials must "take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To state a plausible claim § 1983 claim for deliberate indifference to his safety, Plaintiff must assert factual allegations from which I may reasonably infer that defendants are deliberately indifferent to a known risk of harm to him. *Farmer*, 511 U.S. at 825; *see also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997).

A prison official may be held liable for failing to protect inmates from attacks by other inmates only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. But the prison official must exhibit more than a lack of due care for a prisoner's safety to rise to the level of an Eighth Amendment violation. *Id.* at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. It is not enough that the official "should" have perceived a significant risk but did not. *Id.*

### A. Plaintiff's Eighth Amendment Claims Regarding June 19 and July 11, 2019

Plaintiff alleges that defendants were deliberately indifferent to his safety when he was transferred to LPH housing where Smith was housed. Plaintiff alleges that when he alerted prison officials that there was a separation order regarding him and Smith, on both occasions he was moved to another cell location and no physical contact or incident occurred between them.

"The Sixth Circuit has held that an Eighth Amendment claim for monetary damages resulting from deliberate indifference requires an inmate to plead and prove that he suffered some *non-de minimis* physical injury." *Cole v. McCroskey*, No. 1:18-CV-342, 2018 WL 3023439, at *4 (S.D.

Ohio June 18, 2018) (citing among authority *Wilson v. Yaklich*, 148 F.3d 596, 600–601 (6th Cir. 1998) (finding that a complaint failed to state an Eighth Amendment claim where "plaintiff primarily request[ed] monetary relief ... in the form of compensatory and punitive damages" but the complaint contained no allegations that inmates who threatened the plaintiff "actually injured him physically")) (collecting cases),[1] *report and recommendation adopted,* No. 1:18CV342, 2018 WL 3861869 (S.D. Ohio Aug. 14, 2018).

Plaintiff's primary claim in this action is for monetary relief in the form of compensatory and punitive damages.[2] Taking Plaintiff's allegations in the Complaint as true regarding the events of June 19 and July 11, 2019, he did not sustain any physical harm as a result of being temporarily located in the same LPH unit as Smith before his cell assignment was changed to a different unit. Accordingly, Plaintiff fails to state a plausible Eighth Amendment claim for failure to protect, and I dismiss Plaintiff's claims regarding June 19 and July 11, 2019.

**B. Plaintiff's Eighth Amendment Claims regarding January 8, 2019**

Plaintiff claims that defendants Brandel and Hairbedian violated his constitutional rights when they placed him on a cell-move sheet to be transferred to the same restrictive housing unit as Smith because the prison Count Office has a document posted on its wall that alerts staff members

---

[1] *Dugas v. Wittrup*, Case No. 2:15-cv-67, 2016 WL 4536221, at *4 (S.D. Ohio Aug 31, 2016) ("actual harm or injury is an essential element of an Eighth Amendment claim for monetary damages resulting from deliberate indifference") (Report and Recommendation), *adopted*, 2016 WL 6122752 (S.D. Ohio Oct. 19, 2016); *Stone v. Todd Cty. Detention Center*, Case No. 1:11-cv-P123-M, 2012 WL 1202037, at *5–6 (W.D. Ky. Apr. 10, 2012) (dismissing an Eighth Amendment claim for damages based on allegations of past acts resulting in no physical injury); *Wells v. Jefferson Cty. Sheriff Dep't*, 159 F. Supp. 2d 1002, 1010-11 (S.D. Ohio 2001) (finding that a failure-to-protect claim failed because the plaintiff did not plead that he suffered any physical injury); *Bristow v. Eleby*, Case No. 2:08-cv-0250, 2008 WL 3414132, at *3 (S.D. Ohio Aug. 8, 2008) (finding that the plaintiff failed to state an Eighth Amendment claim for damages where he failed to allege that he suffered an actual assault as a result of the defendant's failure to protect him).

[2] To the extent that Plaintiff seeks injunctive relief, the Complaint fails to allege facts that suggest he currently faces a substantial risk of serious harm from Smith

to separation orders and, therefore, they "knew beforehand" that they were placing Plaintiff at unreasonable risk of harm[3] in violation of the Eighth Amendment. (Doc. 1 ¶¶ 11, 12). But these allegations, taken as true, at most establish that Brandel and Hairbedian were negligent and/or "should have known" that Plaintiff was at risk of harm if placed in the same housing unit as Smith. Plaintiff' does not allege that Brandel and Hairbedian were actually aware of the separation order and Smith's cell location, drew the inference that Plaintiff was at substantial risk of harm, and disregarded it. *Farmer*, 511 U.S. at 837.

In order to violate a prisoner's rights under the Eighth Amendment, a prison official must exhibit more than a lack of due care for a prisoner's safety. *Id.* at 835. It is not enough that the official "should" have perceived a significant risk but did not. *Id.* at 837. "[A prison] official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned" as a violation of the Eighth Amendment. *Id.* at 838. Accordingly, Plaintiff fails to state a plausible § 1983 Eighth Amendment deliberate indifference claims against defendants Brandel and Hairbedian, and I dismiss those claims pursuant to § 1915(e)(2)(B).

Further with respect to the events of January 8, 2019, Plaintiff alleges that booth officer defendant Shorter electronically opened cell doors in the unit housing both Plaintiff and Smith, which enabled the two to come into contact with each other and engage in a fight. (Doc. 1 ¶¶ 15-18). But there are no allegations in the Complaint from which I may reasonably infer that defendant Shorter was subjectively aware of facts from which she actually drew the inference that by unlocking the cell doors she was placing Plaintiff at a substantial risk of serious harm, and then disregarded that risk. Accordingly, Plaintiff fails to state a plausible § 1983 Eighth Amendment deliberate indifference claims against defendant Shorter, and I dismiss that claim pursuant to § 1915(e)(2)(B).

---

[3] I assume for the purpose of this analysis that the injuries sustained by Plaintiff in his fight with Smith on January 8, 2019 constitutes a de minimis injury. (*See* Doc. 1 ¶ 19).

9

After Plaintiff and Smith were treated for the injuries they sustained in the fight on January 8, 2019, defendants Copely and Engle under the orders of defendant Pettaway returned them to their respective cells in the same restrictive housing unit in which the fight occurred. On January 12, 2019, Smith was moved to a different housing dorm. (Doc. 1 ¶¶ 22, 27). Plaintiff alleges that by continuing to house him and Smith in the same unit for four days, defendants Copely, Engle, and Pettaway were deliberately indifferent to his safety in violation of the Eighth Amendment. (*Id.* ¶ 22). But Plaintiff does not allege that he suffered any physical harm during the four-day period of time when he and Smith were returned to their cells on January 8, 2019 and when Smith was moved out of that housing unit on January 12, 2019.

In the absence of a non-de minimis physical injury during that four-day period, Plaintiff fails to state a plausible § 1983 Eighth Amendment deliberate indifference claim. *See Cole,* 2018 WL 3023439, at *4. Accordingly, I dismiss Plaintiff's claims against defendants Copely, Engle, and Pettaway pursuant to § 1915(e)(2)(B).

### C. Plaintiff's Claims Regarding Internal Complaints/Grievances/Appeals and Supervisory Liability

While somewhat difficult to discern, it appears that Plaintiff is asserting § 1983 Eighth Amendment deliberate indifference claims against certain defendants based upon their supervisory roles and/or the denial of his complaints/grievances/appeals and failure to remedy the unconstitutional conduct alleged by Plaintiff in those complaints/grievances/appeals. (*See* Doc. 1 ¶¶ 63, 75). Plaintiff identifies a number of defendants as supervisors, e.g. defendants Hairabedian, Copely, Engle, and Mathias. To the extent that Plaintiff is asserting a § 1983 claim against any defendant based upon their supervisory role, he fails to state a plausible claim upon which relief may be granted. It is well-established that liability cannot be imposed on supervisory officials under § 1983 solely on the basis of *respondeat superior. Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

And to the extent that Plaintiff is asserting a § 1983 claim against any defendant based on the denial of or failure to investigate his complaints/grievances/appeals, he fails to state a plausible claim upon which relief may be granted. Plaintiff has no constitutional right to a grievance procedure, investigation, or to any particular outcome. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *Miller v. Haines*, 156 F.3d 1231 (Table) (6th Cir. 1998) ("Prison inmates do not have a constitutionally protected right to a grievance procedure.") (citing *Jones v. North Carolina Prisoners' Labor Union,* 433 U.S. 119, 138 (1977) (Burger, J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied,* 514 U.S. 1022 (1995)). Prison officials are not liable under § 1983 simply because they denied a grievance or failed to remedy a subordinate's alleged unconstitutional conduct. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999).

Accordingly, to the extent that Plaintiff is asserting claims against defendants based upon their supervisory role or role in the complaint/grievance/appeal process, he fails to state a plausible claim upon which relief may be granted and I dismiss those claims pursuant to § 1915(e)(2).

**D. Plaintiff's Claims Regarding Violation of Prison Separation Policies**

The Complaint is replete with assertions that defendants violated prison separation policies. But these allegations, even if true, fail to state a plausible § 1983 claim upon which relief may be granted. Failure to comply with prison policy does not itself rise to the level of a constitutional violation. *See Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007) (a § 1983 claim may not be based upon a violation of state procedure) (citation omitted); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992) (violation of municipal policy does not create liability under § 1983).

Accordingly, to the extent that Plaintiff is asserting claims against defendants based upon their alleged violation of an Ohio prison policy, he fails to state a plausible claim upon which relief may be granted and I dismiss those claims pursuant to § 1915(e)(2).

11

## CONCLUSION

I grant Plaintiff's motion to amend the relief he seeks. (Doc. 4). For all the foregoing reasons, I dismiss this action pursuant to 28 U.S.C. § 1915(e). I deny Plaintiff's motion for appointment of counsel as moot (Doc. 3).

Further, I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
